## FIRST STATE BANK OF PUTNAM v. HARRIS.

No. 6415—Opinion Filed June 13, 1916.

(158 Pac. 911.)

1. **Usury—Remedies of Parties—Recovery of Usury Paid—Amount of Recovery.**

The amount which a party who has paid interest in excess of 10 per cent. per annum may recover, after due demand therefor. in an action brought under section 1005, Rev. Laws 1910, is twice the amount of the unlawful interest so paid by him, and is not limited to twice the amount paid in excess

of 10 per cent. per annum upon the principal debt.

## 2. Appeal and Error—Harmless Error—Reception of Evidence—Order.

Where evidence is admitted, without the proper foundation being laid, and thereafter evidence is introduced properly laying such foundation, the premature admission of such evidence will not ordinarily constitute reversible error.

## 3. Usury—Remedies of Parties—Pleading.

Petition in a suit for usury examined and held to state a cause of action.

(Syllabus by Burford, C.)

Error from District Court, Dewey County: G. A. Brown, Judge.

Action by J. S. Harris against the First State Bank of Putnam. Judgment for plaintiff, and defendant appeals. Affirmed.

Adams & Smith, for plaintiff in error.

W. P. Hickok, for defendant in error.

Opinion by BURFORD, C. This was an action by J. S. Harris against the First State Bank of Putnam, to cover double the amount of various payments made by him to said bank, alleged to have been paid as interest in excess of 10 per cent. per annum. The defendant set up: First, a general denial; and, second, that it had tendered to said plaintiff the sum of $100, which was more than the amount due, and was more than the interest received in excess of 10 per cent. per annum. There was a trial to a jury, and judgment rendered for the plaintiff, from which the defendant appeals.

The principal contention in the case is that the amount recoverable by a party, who has paid interest in excess of 10 per cent. per annum, and who brings his suit after proper demand under section 1005, Rev. Laws 1910, is not twice the whole amount of unlawful interest so paid, but twice the amount of the excess over 10 per cent. per annum, upon the principal sum loaned, and, further, that if upon the demand being made for the return of the unlawful interest the lender pays or tenders to the borrower the excess collected by him over 10 per cent. per annum upon the principal sum, the borrower cannot thereafter maintain an action for twice the amount of the whole unlawful interest paid. This contention must be resolved against the plaintiff in error, by reason of the decision of this court in Miller et al. v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac. 767. It is unnecessary to further discuss this assignment of error than to call attention to the principles laid down in that decision.

It is further contended that the petition did not state a cause of action, in that it did not allege when the unlawful interest was paid. It is urged that if this allegation be lacking there is nothing from which the court can determine that the amount actually received as distinguished from the amount charged constituted interest in excess of the lawful rate. The petition of the plaintiff was laid in eight different counts. It alleges in detail the execution of certain notes, and that certain amounts of interest for specified periods were at the time of the execution of said notes then and there paid. It did not definitely state the time of the payment of the principal amount of the notes, but it is apparent from the petition that some of the causes of action were based upon notes and payments given as renewals or extensions of the notes set out in previous causes of action; and, by taking this fact into consideration, together with the allegations made in the petition that the principal amount and interest had been paid, and taking also into consideration the date of the filing of the petition in connection with the maturities of the various notes, and that the payment alleged in the petition to have been made must necessarily have been made at a time prior to the filing of the petition, we think the time of payments of the various amounts of illegal interest and of the principal amount of the notes is sufficiently alleged to show that such payment of interest was in excess of the lawful rate.

It is also alleged as error that the trial court allowed a copy of the demand made by the plaintiff to the defendant for the return of the unlawful interest to be introduced in evidence without it being shown that the original was not available. The introduction of this copy at the time, without the proper foundation being laid, was improper, but later in the trial the plaintiff produced evidence to show that the original demand had been delivered to the cashier of the defendant bank; that by him it had been delivered to the president of the said bank, who thought he had delivered it to one of the attorneys. Both the cashier and president of the bank testified that they did not have the original demand in their possession, and both the attorneys testified that they could not produce it. Upon this evidence being adduced a proper foundation was laid for the admission of the copy, and the fact that it had been previously admitted, the proper foundation being now supplied, did not constitute reversible error.

Finally, it is contended that the amount of the attorney's fee to be recovered by the plaintiff was left to the jury when it should have been fixed by the court. This contention is correct under the terms of the statute. Nevertheless we think the rights of the defendant were not prejudiced by this action

of the court. The court rendered judgment on the verdict, and then in effect adopted the finding of the jury. Furthermore, there was evidence as to the value of the services and the amount allowed by the jury, fifty dollars, was the minimum fixed by the witnesses as a fair value of the services of the attorney for plaintiff. The trial court could not have allowed a less amount if he had followed the testimony, and we, therefore, think that the fact that this was left to the jury did not prejudice the defendant's rights.

Finding no prejudicial error in the record, the judgment is affirmed.

By the Court: It is so ordered.